UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PATRICIA WHITMORE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:06CV1486 CDP |
| | ) |
| THE STANDARD INSURANCE | ) |
| CO. and SUMMERS, COMPTON, | ) |
| WELLS, AND HAMBURG, P.C. | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter is before me on defendants motion to dismiss the state law claims, Counts I, II, and III, of Plaintiff Patricia Whitmore's complaint on the basis of preemption under § 514 of the Employee Retirement Income Security Act of 1974. Additionally, defendants seek to strike Whitmore's jury demand on the ground that a plaintiff is not entitled to a jury trial under ERISA. Because the disability benefits plan at issue in this case qualifies as an employee welfare benefit plan under ERISA, I will grant both of these motions.

## **Background**

Whitmore was an employee of defendant Summers, Compton, Wells and Hamburg, P.C. As part of her employment compensation, SCWH purchased a policy of disability insurance from defendant Standard Insurance Company.

SCWH is the plan administrator and is charged with the responsibility for acting on claims under the plan. Whitmore made a claim for Long Term Disability Benefits under the plan, and defendants denied this claim.

Whitmore filed a state court complaint alleging four counts that she titles: declaratory judgment, breach their fiduciary duties, breach of contract, and ERISA claims. Whitmore attached a copy of the summary plan description to her complaint as exhibit A. On October 10, 2006, defendants removed this action to federal court, asserting jurisdiction based on the ERISA claim. On that date, defendants also filed the current motions to dismiss and to strike the jury demand. In their motions, defendants assert that Counts I, II, and III of Whitmore's complaint are preempted by ERISA and that, as a result, Whitmore is not entitled to a jury trial. Whitmore's response admits that if the plan is an ERISA qualified plan, then defendant's motion is well taken. Whitmore argues that this issue is inappropriate at the motion to dismiss stage and would be more appropriately decided at the summary judgment stage following discovery.

## **Discussion**

A defendant may move to dismiss a claim "for failure to state a claim upon which relief can be granted" under Rule 12(b)(6), Fed. R. Civ. P. The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the

complaint. A complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of its claim entitling it to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Young v. City of St. Charles, Mo., 244 F.3d 623, 627 (8th Cir. 2001). When considering a motion pursuant to Rule 12(b)(6), the factual allegations of a complaint are assumed true and are construed in favor of the plaintiff. Neitzke v. Williams, 490 U.S. 319, 326 (1989).

When ruling on a motion to dismiss, a court must primarily consider the allegations contained in the complaint, but other matters referenced in the complaint may also be taken into account. Deerbrook Pavilion, LLC, v. Shalala, 235 F.3d 1100, 1102 (8th Cir. 2000). "A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes." Fed. R. Civ. P. 10(c). Because a copy of the summary plan description is attached as an exhibit to Whitmore's complaint, I may consider its terms in ruling on the motion to dismiss. See Centers v. Centennial Mortg., Inc., 398 F.3d 930, 933 (7th Cir. 2005) ("[A] plaintiff may plead himself out of court by attaching documents to the complaint that indicate that he or she is not entitled to relief.").

The determination of whether an insurance policy qualifies as an employee welfare benefit plan under ERISA may be appropriate at the dismissal stage. See Antolik v. Saks, Inc., 463 F.3d 796, 802-03 (8th Cir. 2006); see also Johnson v.

U.S. Bancorp, 387 F.3d 939, 942 (8th Cir. 2004). Indeed, the Eighth Circuit has held that the existence or non-existence of an ERISA plan is a jurisdictional prerequisite where federal question jurisdiction is the only basis for federal subject matter jurisdiction. Kulinski v. Medtronic Bio-Medicus, Inc., 21 F.3d 254, 256 (8th Cir. 1994).

The question of whether ERISA applies to a particular plan or program requires an evaluation of the facts combined with an interpretation of the law. Id. ERISA defines an employee welfare benefit plan as "any plan, fund, or program ... established or maintained ... for the purpose of providing for its participants [specified] benefits." 29 U.S.C. § 1002. "To qualify as a plan, fund, or program under ERISA, a reasonable person must be able to ascertain the intended benefits, a class of beneficiaries, source of financing, and procedures for receiving benefits." Northwest Airlines, Inc. v. Fed. Ins. Co., 32 F.3d 349, 354 (8th Cir. 1994). Further, an employee welfare benefit plan must be "established or maintained" by the employer. 29 U.S.C. § 1002(3). Finally, according to the Eighth Circuit, "The pivotal inquiry is whether the plan requires the establishment of a separate, ongoing administrative scheme to administer the plan's benefits." Kulinski, 21 F.3d at 257.

The summary plan description at issue was attached by the Whitmore to her complaint. The document indicates the benefits, class of beneficiaries, source of

financing, and procedures for receiving benefits. Whitmore's complaint alleges that SCWH was the plan administrator, therefore, there is no question that SCWH "established or maintained" the plan or that the plan required a separate, ongoing administrative scheme. Further, the attached documents reference a claimant's right to bring a civil action under ERISA. There is no doubt that this is an ERISA plan.

As in Johnson, Whitmore seeks to recover benefits through both state law claims and ERISA. As in Johnson, Whitmore does not challenge that ERISA would preempt any state law claims, but instead, argues that more discovery is needed to determine whether the disability insurance is an ERISA plan. See Johnson v. U.S. Bancorp, 2003 WL 21273672, at *2 (D. Minn. May 28, 2003). Whitmore has not stated any argument or potential reasons why the plan would not be covered by ERISA. Moreover, while her complaint does not refer to the insurance as a "welfare benefit plan" or "employee benefit plan," she makes claims under Count IV for "ERISA Claims" and asserts that the defendant's acts were in violation of ERISA. Therefore, Whitmore has unequivocally plead that the disability insurance plan is an ERISA plan.

It is well established that Whitmore's state law claims are preempted if the claims "relate to" an employee benefit plan such that they have a connection with

or reference to such a plan. Estes v. Fed. Express Corp., 417 F.3d 870, 871 (8th Cir. 2005). Whitmore's state law claims are all based upon the defendants' denial of disability insurance benefits provided for by the plan. As I have concluded that the disability insurance plan is covered by ERISA, I will grant the defendant's motion to dismiss Counts I, II, and III of Whitmore's petition as preempted by ERISA.

Finally, Whitmore is not entitled to a jury trial because her only remaining claim is brought under ERISA. There is no right to a jury trial under ERISA. See Langlie v. Onan Corp., 192 F.3d 1137, 1141 (8th Cir. 1999); Houghton v. SIPCO, Inc., 38 F.3d 953, 957 (8th Cir. 1994). Therefore, I will grant the defendants' motion to strike Whitmore's jury demand.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion to dismiss Counts I, II, and III of Whitmore's complaint [#5] is GRANTED.

**IT IS FURTHER ORDERED** that defendants' motion to strike Whitmore's jury demand [#4] is also GRANTED.

_[signature]_
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 13th day of December, 2006.