UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PATRICIA WHITMORE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:06CV1486 CDP |
| | ) |
| THE STANDARD INSURANCE | ) |
| CO. and SUMMERS, COMPTON, | ) |
| WELLS, AND HAMBURG, P.C. | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

The parties disagree about what standard of review should apply in this ERISA case. Plaintiff Patricia Whitmore was an employee of defendant Summers, Compton, Wells, and Hamburg P.C. and as such was covered by its long term disability plan. Defendant The Standard Insurance Company issued the policy and was the plan administrator. Defendants argue that the denial of benefits must be reviewed under the arbitrary and capricious or abuse of discretion standard, and that any review must be limited to the record before the administrator. Whitmore seeks a less deferential standard, and also seeks discovery. I conclude that the plan vests discretion in Standard to administer and interpret the plan, and that there is no conflict of interest or procedural irregularity that would cause a less deferential standard of review to apply. My review of Whitmore's claims must, therefore, be

governed by the abuse of discretion standard, and no discovery will be allowed.

## Discussion

Whitmore asserts that she is afflicted with several disabilities, and that defendants breached their legal and fiduciary duties to her when Standard denied her claim for Long Term Disability Benefits. Whitmore's request for discovery and for a less deferential standard of review raises several arguments. First Whitmore asserts that the policy does not grant discretion to Standard because it does not reveal what powers have been reserved for Summers. Next, she argues that even if discretion is granted, this court still has the power to review the interpretations of the policy language under *de novo* review. Finally, she asserts that Standard had a financial conflict of interest and that there were procedural irregularities. These alleged procedural errors are that Standard failed to conduct an independent medical examination, Standard did not consider whether Whitmore could drive to her job, and Standard did not consider a Social Security determination that was issued after Standard's final determination.

The plan document in this case provides:

Except for those functions which the Group Policy specifically reserves to the Policyowner, we have full and exclusive authority to control and manage the Group Policy, to administer claims, and to interpret the Group Policy and resolve all questions arising in the administration, interpretation, and application of the Group Policy.

Our authority includes, but is not limited to:

1. The right to resolve all matters when a review has been requested;

2. The right to establish and enforce rules and procedures for the administration of the Group Policy and any claim under it;

3. The right to determine:

   a. Your eligibility for insurance;
   b. Your entitlement to benefits;
   c. The amount of benefits payable to you;
   d. The sufficiency and the amount of information we may reasonably require to determine a, b, or c, above.

The plan also contains a section entitled "Policyowner Provisions." This section lists the powers reserved for Summers, including the rights: (1) to determine the amount of Whitmore's contribution, (2) to terminate the policy by giving notice, (3) to distribute certificates to each insured member, and (4) to furnish Standard's forms with all information reasonably necessary to administer the Group Policy. No other powers are given to Summers in the plan document.

Under ERISA, Whitmore has the right to recover benefits due under the terms of the plan, to enforce her rights under the terms of the plan, or to clarify her rights to future benefits under the terms of the plan. 29 U.S.C. § 1132(a)(1)(b). When a plan gives an administrator discretionary authority to determine eligibility

for benefits or to construe the terms of the plan, an administrator's decision is to be reviewed for abuse of discretion. Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989); Anderson v. U.S. Bancorp, 2007 WL 1189426, at * 10 (8th Cir. April 24, 2007); Woo v. Delux Corp., 144 F.3d 1157, 1160 (8th Cir. 1998).

No explicit language is necessary to confer discretionary authority, and the language used by the plan document in this case has been found to grant discretionary authority in several other cases. See Jordan v. Retirement Comm. of Rensselaer Polytechnic Inst., 46 F.3d 1264, 1219 (2nd Cir. 1995); see also Randles v. Galichia Med. Group, P.A., 2006 WL 3760251, at *6 (D. Kan. Dec. 18, 2006); Fritz v. Standard Ins. Co., 2006 WL 2475243, at *4 (D. Conn. August 25, 2006); McCready v. Standard Ins. Co., 417 F. Supp. 2d 684, 696 (D. Md. 2006); Cohen v. Standard Ins. Co., 155 F. Supp. 2d 346, 351 (E.D. Pa. 2001). Additionally, the language reserving some powers to the policy owner does not detract from Standard's discretion. None of the powers reserved for Summers have anything to do with Standard's determination of benefits or interpretation of the policy. The plan language expressly confers exclusive authority on Standard both to administer the policy and to interpret it. This language is enough to give Standard both administrative and interpretive discretion. See Kennedy v. Georgia Pacific Corp., 31 F.3d 606, 609 (8th Cir. 1994).

This court could apply a less deferential, sliding scale standard of review if Whitmore presented "material, probative evidence demonstrating that 1) a palpable conflict of interest or a serious procedural irregularity existed, which 2) caused a serious breach of the plan administrator's fiduciary duty." Woo, 144 F.3d at 1160 (citations omitted). To satisfy the second part of the Woo test, Whitmore must show that the conflict or procedural irregularity has "some connection to the substantive decision reached." Id. at 1161.

Because Standard acted as both insurer and plan administrator, "something akin to a rebuttable presumption of palpable conflict of interest" exists. Schatz v. Mutual of Omaha Ins. Co., 220 F.3d 944, 947-48 (8th Cir. 2000). However, "not every finding of conflict of interest ... warrants heightened review because ERISA itself contemplates the use of fiduciaries who might not be entirely neutral." Tillery v. Hoffman Enclosures, Inc., 280 F.3d 1192, 1197 (8th Cir. 2002). "It is wrong to assume a financial conflict of interest from the fact that a plan administrator is also the insurer." McGarrah v. Hartford Life Ins. Co., 234 F.3d 1026, 1030 (8th Cir. 2000). There is no evidence of a connection between this potential conflict of interest and any breach of Standard's duty. Therefore, the conflict of interest does not give rise to a heightened standard of review.

Further, there is no evidence of a procedural irregularity that would support a

less deferential standard of review. An administrator's failure obtain an independent medical examination is not automatically a procedural irregularity. See Layes v. Mead Corp., 132 F.3d 1246, 1251 (8th Cir. 1998). In the Eighth Circuit, an independent medical examination is only required when the claimant presents evidence of an "uncommon disease." See Payzant v. Unum Life Insurance Co., 402 F. Supp. 2d 1053, 1062 (D. Minn. 2005) (citing Heaser v. The Toro Co., 247 F.3d 826, 833-34 (8th Cir. 2001); Woo, 144 F.3d at 1161; and Clapp v. Citibank, 262 F.3d 820, 828 (8th Cir. 2001)).

Whitmore has made no allegations which would lead me to believe her claims arise out of an "uncommon disease." Whitmore's disability claim arose from back problems that began in 1998. In deciding her claim, Standard relied upon multiple MRIs, CT scans, and myelograms, and upon the records obtained from at least twelve different doctors who had either examined her or opined upon the findings of her tests. Standard's failure to obtain an independent medical examination of Whitmore was not a procedural irregularity.

Whitmore also asserts that a procedural irregularity arose from Standard's failure to consider her need to drive from Illinois to Ladue, Missouri, to get to her job. Several courts have held that unless driving is a material duty of the occupation, an inability to commute to work does not cause one to be disabled.

Storms v. Aetna Life Ins. Co., 156 Fed. Appx. 756, 759 (6th Cir. 2005); Adams v. Prudential Ins. Co. of Am., 280 F. Supp. 2d 731, 740 (N.D. Ohio 2003); Chandler v. Underwriters Labs., Inc., 850 F. Supp. 728, 738 (N.D. Ill. 1994). Therefore, it was not a procedural irregularity for Standard to fail to take this into account.

Finally, Whitmore asserts that Standard's failure to take the Social Security Administration's later determination of disability into account was a procedural irregularity. It is entirely possible for different factfinders to view identical evidence in different ways and for both of them to be supported by the evidence. A later determination of disability by the Social Security Administration does not necessarily mean that the plan administrator acted improperly. See Chandler, 850 F. Supp. at 737.

Accordingly,

**IT IS HEREBY ORDERED** that the abuse of discretion or arbitrary and capricious standard of review shall apply to this case.

**IT IS FURTHER ORDERED** that the parties cross-motions' for summary judgment shall be filed no later than **July 2, 2007**. Opposition briefs shall be filed no later than **August 3, 2007**, and any reply brief may be filed no later than **August 14, 2007**.

**IT IS FINALLY ORDERED** that any exhibits in support of the motions for

summary judgment shall not be filed electronically but shall be filed in paper form and under seal.

                                                _____
                                                CATHERINE D. PERRY
                                                UNITED STATES DISTRICT JUDGE

Dated this 25th day of May, 2007.